UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRIS FRESH, LLC, | ) 1:08-cv-00126-LJO-SMS |
| | ) |
| Plaintiff, | ) ORDER DISREGARDING AND |
| v. | ) TERMINATING PLAINTIFF'S |
| | ) APPLICATION FOR DEFAULT JUDGMENT |
| WILLIAMS AG COMMODITIES | ) WITHOUT PREJUDICE TO PLAINTIFF'S |
| BROKERAGE, INC., | ) REFILING THE MOTION AND SETTING |
| | ) IT FOR HEARING (DOC. 10) |
| Defendant. | ) |
| | ) INFORMATIONAL ORDER TO PLAINTIFF |
| | ) RE: REQUIREMENTS FOR A MOTION FOR |
| | ) DEFAULT JUDGMENT |

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

I. <u>Disregarding Plaintiff's Application for Default Judgment</u>

On April 16, 2008, Plaintiff filed an application for default judgment by the Court, which has been reviewed by the Court. It appears that the Court will need to determine the amount of reasonable attorney's fees sought to be included in the judgment, and may further need to determine the amount otherwise owing to the Plaintiff.

Plaintiff's motion was not set for a hearing. A court may strike a document that does not conform to the formal requirements of the pertinent rules of court. Fed. R. Civ. P.

1

1   12(f); <u>Transamerican Corp. v. National Union Fire Ins. Co. of
2   Pittsburgh, Pa.</u>, 143 F.R.D. 189, 191 (N.D. Ill. 1992).
3       Local Rule 78-230(b) provides that except as otherwise
4   provided in the rules or as ordered or allowed by the Court, all
5   motions shall be noticed on the motion calendar of the assigned
6   Judge or Magistrate Judge, and shall be set for hearing.
7       Plaintiff's application for default judgment was not in
8   conformity with the local rules because it was not set for
9   hearing. Further, it did not contain briefing required by the
10  Court.
11      Accordingly, Plaintiff's application for default judgment,
12  filed on April 16, 2008, IS DISREGARDED AND TERMINATED, without
13  prejudice to Plaintiff's refiling the motion and setting it for
14  hearing.
15      II. <u>Informational Order to Plaintiff</u>
16      Because claims that are legally insufficient are not
17  established by a party's default, a court in considering an
18  application for default judgment must determine whether the
19  claims upon which a plaintiff seeks a default judgment are
20  legally sufficient. An application for a default judgment
21  qualifies as a motion pursuant to Fed. R. Civ. P. 7(b)(1) and
22  Local Rule 1-101(19), and it should include briefs pursuant to
23  Local Rule 78-230(b). Thus, when seeking a default judgment, a
24  plaintiff should provide the Court with points and authorities
25  containing citations to authority showing that the Plaintiff's
26  claim or claims include allegations of all the necessary elements
27  required for entitlement to relief. It is the party's burden to
28  demonstrate to the Court that under the pertinent law, the

2

Plaintiff's claims, as alleged, are legally sufficient.

If a party states multiple claims but judgment is sought on only some of them, or a party seeks judgment against fewer than all of the parties, and the moving party does not notify the Court that the other claims and/or parties have been or will be dismissed, then the moving party should specify in the application the claims upon which, and the parties against whom, judgment is sought. Further, the party should provide authority and argument sufficient to support both a request that the Court make a finding pursuant to Fed. R. Civ. P. 54(b) that there is no just cause for delay, and a direction that a final judgment on some of the claims and/or against some of the parties should be entered.

Likewise, the plaintiff should supply the Court with all pertinent and necessary legal authority pursuant to which it is appropriate to enter judgment against a particular party based upon the allegations of the party's standing, status, agency, participation, or other alleged basis for liability of the particular party.

Generally, the scope of proceedings on an application for default judgment involves a determination of damages, which Plaintiff must prove by evidence, whether by affidavits where an evidentiary hearing is waived, <u>Davis v.Fendler</u>, 650 F.2d 1154, 1161-62 (9th Cr. 1981), or by evidence, Fed. R. Civ. P. 55(b)(2).

The Court thus anticipates that a party seeking a default judgment will provide the Court with evidence sufficient to prove the amount of any damages or recovery sought. Depending on the circumstances, a plaintiff may be required to inform the Court of

what remedy or remedies the plaintiff has elected if an election of remedies is required under the law, and a plaintiff may need to provide evidence of any tender or other precondition to recovery. The party should also provide the Court with legal authority in support of the measure and propriety of damages sought to be recovered, or of the propriety of nature and extent of relief sought. Depending on the claims made by the plaintiff, this may include informing the Court of the source of the law governing the measure of damages, including interest (i.e., federal or state), providing statutory and case law defining the appropriate measure of damages and interest and method of computation of any interest sought, and providing the Court with the law and an analysis of the pertinent facts regarding any election of remedies that the plaintiff has made or must make. If multiple remedies are sought, the plaintiff should establish by citation of authority that the plaintiff is entitled to cumulative remedies and that the remedies are not inconsistent. If attorney's fees and costs are sought, authority for such recovery must be submitted. If attorney's fees or costs are sought, authority for such recovery must be submitted.

A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Fed. R. Civ. P. 54(c). Thus, a party seeking default judgment should demonstrate to the Court that the relief sought is within the prayer of the party's complaint.

IT IS SO ORDERED.

**Dated:   April 18, 2008**                              /s/ Sandra M. Snyder
                                                        UNITED STATES MAGISTRATE JUDGE