# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRIS FRESH, LLC, | CASE NO. CV F 08-0126 LJO SMS |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE** |
| vs. | |
| WILLIAMS AG COMMODITIES BROKERAGE, INC., | |
| Defendant. / | |

## INTRODUCTION

Plaintiff Harris Fresh, LLC ("Harris Fresh") has failed to prosecute this action against defendant Williams Ag Commodities Brokerage, Inc. ("Williams Ag") since April 2008. The Court considers five factors to determine whether to dismiss *sua sponte* this action for failure to prosecute. Having considered the appropriate factors, this Court issues the following order to show cause.

## BACKGROUND

Harris Fresh initiated this Perishable Agricultural Commodities Act action against Williams Ag on January 25, 2008. On February 29, 2009, Harris Fresh requested entry of default as to Williams Ag, which the Clerk entered on March 3, 2008. Thereafter, Harris Fresh did nothing until this Court followed up, vacated the scheduling conference, and directed Harris Fresh to file a motion for default judgment (Doc. 9, April 2, 2008).

Harris Fresh then filed an "application" for default judgment on April 16, 2008. United States Magistrate Judge Sandra M. Snyder ("Judge Snyder") issued an order to disregard and terminate Harris Fresh's application for default judgment without prejudice. In her order, Judge Snyder pointed out defects in the application, including Harris Fresh's failure to set a hearing date. Judge Snyder suggested Harris Fresh to re-file the motion for default judgement in accordance with her order. They did nothing in response. There has been no activity in this action since April 22, 2008.

This Court's chambers contacted Harris Fresh for a status update on this action. Counsel for Harris Fresh indicated that the delay in filing the motion for default judgment was caused by the fact that Williams Ag filed for bankruptcy. Counsel for Harris Fresh further indicated that there was no intention to re-file the motion for default judgment, or to otherwise continue prosecution of this action.

## DISCUSSION

A district court has the power to dismiss an action for want of prosecution on its own motion. *Alexander v. Pacific Maritime Ass'n*, 434 F.2d 281 (9th Cir. 1970). Before dismissing a case for failure to prosecute, this Court weighs the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk to defendants from delay; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Citizens Utilities Co. v. American Tel. & Tel. Co.*, 595 F.2d 1171, 1174 (9th Cir.), *cert. denied*, 444 U.S. 931 (1979). The Court considers each factor below.

### Expeditious Resolution of Litigation and Court's Need to Manage its Docket

By failing to take action in this case for nearly ten months, Harris Fresh delayed the resolution of this case and interfered with this Court's orderly management of its docket. Thus, the first two factors support an order of dismissal. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988).

### Prejudice to Defendant

Ordinarily, to show prejudice, a defendant must show that the plaintiff's actions interfered with the defendant's ability to proceed to trial. *See id.* Here, the defendant has not filed an answer. Thus, no showing of prejudice has been made by the defendants. However, "the law presumes injury from unreasonable delay." *Anderson v. Air West, Inc.*, 542 F.2d 522 (9th Cir. 1976). Thus, "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id.* Therefore, this factor weighs does not weight against dismissal.

### Public Policy Favoring Disposition On Merits

The public policy favoring the disposition of cases on their merits weighs against dismissal. The Court notes, however, Harris Fresh's role in frustrating this public policy. "Although there is indeed a public policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Thus, a plaintiff's dilatoriness will not defeat an involuntary dismissal based on this factor alone. *See id. See also, In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1240 (9th Cir. 2006) ("The public policy favoring disposition on the merits is not compelling when it is thwarted by the plaintiff's failure to move their cases along.").

**Consideration of Alternatives**

In determining whether to dismiss an action for failure to prosecute, this Court considers whether less drastic sanctions are feasible and adequate. *See Malone*, 833 F.2d at 132. In its discretion, the Court may satisfy this element by warning the plaintiff of the possibility of dismissal. *Id*. *See also, In re Phenylpropanolamine Products Liability Litigation*, 460 F.3d at 1240 (a district court meets the "consideration of alternatives" requirement for dismissing an action by issuing a warning that a party's failure to obey a court order will result in dismissal). Accordingly, this Court orders Harris Fresh to show cause why this action should not be dismissed for failure to prosecute.

**CONCLUSION and ORDER**

This Court ORDERS Harris Fresh to show cause in writing, **no later than February 20, 2009**, why this case should not be dismissed for failure to prosecute. This Court will discharge this order to show cause if, no later than February 20, 2009, Harris Fresh: (1) re-files its motion for default judgment. In its motion, Harris Fresh shall include a declaration from Williams Ag's bankruptcy trustee regarding his or her position on obtaining judgment in this action; or (2) files dispositive papers to dismiss voluntarily this action.

IT IS SO ORDERED.

**Dated:   February 10, 2009**              /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE